**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

HANGER PROSTHETICS & ORTHOTICS, INC., :
    Plaintiff :
                                                  :
v.                                                       :    1:05-CV-164 (WLS)
                                                        :
JOHN P. RODMAN, SR., LIMBCARE :
PROSTHETICS & ORTHOTICS, LLC., :
    Defendants :
_____ :

**ORDER**

Currently pending before the Court is Plaintiff's Motion for a Temporary Restraining Order and for a Preliminary Injunction (Tab 2).

**I.  PROCEDURAL SUMMARY**

Plaintiff filed a Verified Complaint in the instant action against Defendants on 17 November 2005 asserting claims for breach of contract, unfair competition, tortious interference with contract and business relations, misappropriation of trade secrets, and breach of fiduciary duties among other claims. (Tab 1).  On the same date, Plaintiff moved pursuant to Fed. R. Civ. P. 65 for entry of a temporary restraining order and preliminary injunction against Defendants. (Tab 2).  In said motion, Plaintiff requests that the Court find that Plaintiff "is likely to prevail on the claims against Defendants [and] that there exists a substantial threat of irreparable harm against [Plaintiff] if injunctive relief is not granted. (Tab 2, Exhibit 1).  The Court reviewed Plaintiff's Motion, issuing an Order on November 18, 2005 in which it found it "imprudent to enter an *ex parte* order" noting that "there [would] be only one intervening business day between the receipt of the order and the hearing" which was set for Tuesday, November 22, 2005 at 10:00 A.M. in this Court. (Tab 8).

On Tuesday, November 22, 2005, the Court conducted an evidentiary hearing on Plaintiff's motion.  Plaintiff and Defendants were allowed to present evidence and arguments. After hearing from the parties, the Court made oral findings of fact and conclusions of law. This order is intended to memorialize said oral findings and conclusions made by the Court which by reference are made a part of this Order.

**II.     MOTION SUMMARY**

In the instant motion, Plaintiff seeks to enjoin Defendant Rodman from: 1) disclosing, using, modifying or adapting any of Plaintiff's trade secrets or confidential business information for a two-year period following termination of Defendant Rodman's employment with Plaintiff; 2) competing against Plaintiff in the manufacture, sale or servicing of prosthetic or orthotic devices at any location within a fifty-mile radius of Plaintiff's Albany, GA office for a two-year period following termination of Defendant Rodman's employment with Plaintiff; 3) recruiting any employee of Plaintiff who works at a location within a fifty-mile radius of Plaintiff's Albany, GA office to leave said office to accept employment with a business entity with whom Defendant Rodman is affiliated for a two-year period following termination of Defendant Rodman's employment with Plaintiff; 4) soliciting business from any patient or referral source of Plaintiff's located within a fifty-mile period of Plaintiff's Albany, GA office with whom Defendant Rodman had business dealings or contact on Plaintiff's behalf within the last two years of his employment with Plaintiff for a two-year period following termination of Defendant Rodman's employment with Plaintiff.  (Tabs 2, 3).

Plaintiff also seeks to enjoin Defendant Limbcare from disclosing, using, modifying, or adapting any of Plaintiff's trade secrets or confidential business information.  *Id.*  Plaintiff seeks to enjoin both Defendants from competing unfairly against Plaintiff by possessing, disclosing, or using Plaintiff's trade secrets or confidential business information to further their own business interests. *Id.*

**III.    JURISDICTION and VENUE**

The Court exercises subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Additionally, there is complete diversity of citizenship between the parties as Plaintiff is a corporation duly organized and existing under the laws of the State of Delaware, Defendant Rodman is a citizen and resident of the State of Georgia, and Defendant Limbcare is a limited liability corporation duly organized and existing under the laws of the State of Louisiana.  (Tab 1).

Venue is proper in the United States District Court for the Middle District of Georgia, Albany Division pursuant to 28 U.S.C. §§ 90(b)(5), 1391 as at least one Defendant, Defendant Rodman, resides in this district and division; and a substantial part of the events or omissions giving rise to the instant claims occurred within the same district and division.

### IV.    LEGAL ANALYSIS

Before the Court may issue a temporary restraining order ("TRO"), the movant must demonstrate that: "(a) there is a substantial likelihood of success on the merits; (b) the TRO or preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and (d) the TRO or preliminary injunction would not be averse to the public interest." Parker v. State Bd. Of Pardons and Parole, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

Based on the evidence presented in the pleadings and Verified Complaint, the Court found sufficient support for Plaintiff's theory that the Employment Agreement presented is enforceable against Defendant Rodman; and that Defendant Rodman's alleged conduct violated said Agreement such that Plaintiff could establish a substantial likelihood of success on the merits.  Further, the Court found sufficient support for Plaintiff's theory that a TRO or preliminary injunction is necessary to prevent further irreparable injury to Plaintiff's business interests.   The Court also found that a TRO in the instant matter would not be averse to the public interest.

The Court, notes, however, that Defendant Rodman raised issue at hearing as to the authenticity of the aforementioned Agreement presented at Court in copy form only. Specifically, Defendant Rodman argues that the document presented to the Court is an unauthenticated photocopy which does not bear his true and authenticated signature. Specifically, he asserts that this signature is a photocopy of his signature.  In light of this substantial challenge as to the authenticity of the Agreement and by derivation whether or not Defendant Rodman was contracted to Plaintiff, all that is in front of the Court is what has been identified as a contract.  The Court does find that other evidence presented by Plaintiff supports its contention that such a contract in fact exists.

As the Agreement and the covenants contained within constitute the central evidence in this case, any question as to the existence of a contract necessarily prohibit the Court from concluding at the present time that the alleged threatened injuries suffered by Plaintiff outweigh the harm that a TRO of the full magnitude suggested by Plaintiff would cause Defendants.

## V.     CONCLUSION

The Court, however, is satisfied that Plaintiff has met the requirements for a TRO for the purpose of issuance.  Therefore, the Court **GRANTS in PART** and **DENIES in PART** Plaintiff's Motion for a Temporary Restraining Order. (Tab 2).   Until such time as the parties may appear before the Court for continuation of the hearing on the instant Motion for Preliminary Injunction (Tab 2), the Court prohibits Defendants from:

1) possessing, disclosing, using, modifying or adapting any of Plaintiff's trade secrets or confidential business information to further their own business interests;

2) recruiting any employee of Plaintiff who works at a location within a fifty-mile radius of Plaintiff's Albany, GA office to leave said office to accept employment with a business entity with whom Defendant Rodman is affiliated, including, but not limited to Defendant Limbcare, exempting those employees who have already left Plaintiff's employ; and

3) directly soliciting business from any patient or referral source of Plaintiff's located within a fifty-mile period of Plaintiff's Albany, GA office with whom Defendant Rodman had business dealings or contact on Plaintiff's behalf within the last two years of his employment with Plaintiff.

Defendants are permitted to otherwise continue operations consistent with this Order, including general advertising until further order of the Court.  In this regard, the Court finds that the harm to Defendant resulting from a total cessation of their business operation at this time outweighs the harm to Plaintiff in view of the relief granted Plaintiff herein.

In light of the fact that the Court and the parties agree that the authenticity and circumstances surrounding the Employment Agreement are paramount to determination of

4

Plaintiffs' Motion for Preliminary Injunction (Tab 2), the Court **AUTHORIZES** expedited discovery on the Employment Agreement in question and related issues.

The parties are hereby **ORDERED** to appear before the Court for continuation of the hearing on the instant Motion for Preliminary Injunction (Tab 2) on **Friday, December 9, 2005 at 2:00 P.M**. The parties have specifically agreed that the instant Order may remain in effect until the date of the scheduled hearing notwithstanding the time limitations set out in Rule 65.

**SO ORDERED**, this  23rd  day of November, 2005, *nunc pro tunc* November 22, 2005.

                                         /s/W. Louis Sands
                                      **Hon. W. Louis Sands, Chief Judge**
                                      **United States District Court**