**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| HANGER PROSTHETICS & ORTHOTICS, INC.,  :<br>       Plaintiff                                                         :<br>                                                                       :<br>v.                                                                    :     1:05-CV-164 (WLS)<br>                                                                       :<br>JOHN P. RODMAN, SR., LIMBCARE           :<br>PROSTHETICS & ORTHOTICS, LLC.,          :<br>       Defendants                                                   :<br>_____: | |

## ORDER

Before the Court are Plaintiff's Motion for Leave to File Evidence in Camera (Doc. 50), Plaintiff's Motion for Extension of Time to File Motion to Compel (Doc. 55), and Plaintiff's Motion for Protective Order. (Doc. 57).   For the following reasons, Plaintiff's Motion for Leave to File Evidence in Camera (Doc. 50) is **DENIED-IN-PART**; Plaintiff's Motion for Extension of Time to File Motion to Compel (Doc. 55) is **GRANTED**; and Plaintiff's Motion for Protective Order (Doc. 57) is **GRANTED**.

## DISCUSSION

**I.    Plaintiff's Motion for Extension of Time to File Motion to Compel**

Plaintiff moves the Court, with Defendants' consent, for an additional thirty (30) days from the date of this Order in which to file any motion to compel regarding Plaintiff's First Set of Interrogatories to Defendant John P. Rodman, Sr. and Plaintiff's First Request for Production of Documents to Defendant John P. Rodman, Sr.  (Doc. 55).   For good cause shown, Plaintiff's Motion for Extension of Time to File Motion to Compel (Doc. 55) is **GRANTED**.  Accordingly, the deadline by which Plaintiff must file any motion to compel regarding the above-mentioned discovery requests is extended for thirty (30) days from the date of this Order.

**II.   Plaintiff's Motion for Protective Order**

Plaintiff moves the Court, pursuant to Fed. R. Civ. P. 26(c) for the entry of two protective orders governing production of confidential business information and production of confidential health information respectively. (Doc. 57).   During the May 18, 2006 telephone

conference, Defendants confirmed satisfaction with the protective order governing production of confidential business information.  While not objecting *per se* to the proposed protective order governing production of confidential health information, Defendants raised concerns that production of such information, without the individual patients' consent or an order of the Court, would violate the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub L. No. 104-191.  In response, Plaintiff cited 45 C.F.R. 164.512(E)(1)(ii) for the proposition that either the patient or the Court may authorize disclosure of such information in connection with a judicial proceedings such as this one.

Upon review of the instant motion, and the parties' oral attestations via telephone conference with the Court on May 18, 2006, the Court finds that it is authorized to permit disclosure of confidential health information as a part of the captioned action.  Furthermore, the Court finds that the proposed protective orders adequately address and provide appropriate safeguards for confidential business and health information; and grants disclosures of such information consistent with the respective protective orders.   Accordingly, disclosure is authorized and permitted pursuant to this Order.  Plaintiff's Motion for Protective Order (Doc. 57) is therefore **GRANTED**.

### III.    Plaintiff's Motion for Leave to File Evidence in Camera

In its Motion, Plaintiff requests leave to submit in camera additional evidence in connection with the pending Motion for Preliminary Injunction (Doc. 2) that purportedly demonstrates "the growing, irreparable harm [Plaintiff] is suffering as a result of [Defendants'] allegedly] improper competition." (Doc. 50).  Plaintiff alleges that disclosure of the same to Defendants "poses the risk of further injury." *Id*.

Upon review of the instant motion, the Court finds that Plaintiff has failed to make an adequate showing why the Court's full in camera review is necessary at this time.  Notwithstanding the foregoing finding, the Court finds that, without proper safeguards, production of the contemplated evidence and disclosure of the same to Defendants could adversely affect Plaintiff's business and competitive interests.   Accordingly, Plaintiff's Motion for Leave to File Evidence in Camera (Doc. 50) is **DENIED-IN-PART**.  Should production of

the subject evidence occur, Defendants' counsel shall be served but is prohibited from disclosing said evidence, including to Defendants, without the prior permission of the Court. Therefore, Plaintiff may submit said evidence in accordance herewith.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Evidence in Camera (Doc. 50) is **DENIED-IN-PART** consistent with this Order; Plaintiff's Motion for Extension of Time to File Motion to Compel (Doc. 55) is **GRANTED**; and Plaintiff's Motion for Protective Order (Doc. 57) is **GRANTED**.

**SO ORDERED**, this   19th   day of May, 2006.

                                                  /s/W. Louis Sands  
                                                **W. LOUIS SANDS, CHIEF JUDGE**  
                                                **UNITED STATES DISTRICT COURT**